UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RAUL NAVA-CRUZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CASE NO.  2:11-CV-2874-SLB |
| | ) |
| **2 PESOS MEXICAN CAFÉ, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

The case is presently pending before the court on the parties' Joint Motion to Approve Settlement Agreement and Dismiss Case with Prejudice, (doc. 12), and plaintiff's Motion for Settlement Conference, (doc. 13).  For the reasons set forth below, the court find the parties' Joint Motion to Approve Settlement Agreement and Dismiss Case with Prejudice, (doc. 12), is due to be granted, and plaintiff's Motion for Settlement Conference, (doc. 13), is due to be denied.

The court notes:

[T]he FLSA's are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement.  *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 902, 89 L. Ed. 1296 (1945).  The first exception is that the Secretary of Labor may supervise the payment of back wages to employees; employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full.  29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

The second route to settlement, and the one that is applicable here, occurs when an employee brings a private action for back wages under 29

> U.S.C. § 216(b); the employee and employer present a proposed settlement to the district court, and the district court reviews the judgment and enters it as a stipulated judgment. *Lynn's Food Stores*, 679 F.2d at 1354 ("Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").
>
> In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," *id*. at 1353, and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," *id*. at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

*Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1262-63 (M.D. Ala. 2003).

The parties have submitted their settlement agreement to the Court's Chambers. In their Joint Motion, "[t]he parties represent that as a result of [their] settlement, Defendant will pay Plaintiff an amount representing approximately 60% of his claimed and disputed back wages and will pay Plaintiff's counsel a reasonable attorneys' fee for the approximately 46 hours they have worked on this matter." (Doc. 12 ¶ 5.) Also, they assert that both parties "believe [the settlement agreement] is a fair and reasonable compromise of the issues before the Court." (*Id*. ¶ 3.)

The court finds that plaintiff's claims represent a bona fide dispute over FLSA provisions, namely FLSA coverage and the amount of his backpay. Based on the parties'

representations, the court finds that the parties' settlement is a fair and reasonable resolution of these bona fide disputes.

Because the court approves the parties' Settlement Agreement, the court finds no need for a Settlement Conference.

An Order granting the parties' Joint Motion to Approve Settlement Agreement and Dismiss Case with Prejudice, (doc. 12), and denying plaintiff's Motion for Settlement Conference, (doc. 13), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 24th day of March, 2013.

*Sharon Lovelace Blackburn*
_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE